IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3300 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ANNE HANSEN, et al, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 12, the Motion to Dismiss filed by defendant-Anne Hansen in her official capacity. The plaintiff, James L. Anderson, sued two physicians and a parole officer, while he was in State custody, for invasion of the plaintiff's privacy rights and for threatening him with termination of medical treatment. The plaintiff has since been released from custody.

Although the plaintiff filed an amendment to his complaint specifying that the defendants were sued in their individual and official capacities, the plaintiff has accomplished service of process on only one defendant, Anne Hansen, in only her official capacity.

In her official capacity, Ms. Hansen, as an employee of the State of Nebraska, has immunity from the plaintiff's claim for damages. The Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). The Eleventh Amendment prevents the plaintiff from recovering damages

pursuant to 42 U.S.C. § 1983 from state employees in their official capacity because a suit against a public employee in his or her official capacity is considered a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, the plaintiff's claim for damages against Ms. Hansen in her official capacity is in reality a claim against the State of Nebraska and is barred by sovereign immunity.

Filing no. 12, Ms. Hansen's Motion to Dismiss, will be granted, and this case in its present posture will be dismissed. However, because the plaintiff never obtained service of process on the defendants in their individual capacity, the dismissal will be without prejudice. A separate judgment will be entered accordingly.

SO ORDERED.

DATED this 23rd day of May, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge